IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-42-TAV-DCP |
| JAMAINE LEMONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the undersigned on Defendant Jamaine Lemons's Motion to Continue Trial [Doc. 19], filed on July 6, 2021. Defendant asks the Court to continue the July 27, 2021 trial date in this case to give time to litigate his motion to suppress evidence, also filed on July 6, 2021. Defendant states that he understands that all time between the filing of the motion and the new trial date is fully excludable under the Speedy Trial Act. Counsel for both parties have conferred with Chambers and agreed on a new trial date of January 18, 2022. Additionally, counsel for the Government states that the Government has no objection to the motion.

The Court finds Defendant's motion to continue the trial is not opposed and is well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendant has filed a motion to suppress evidence seized following the stop of a car in which Defendant was a passenger on May 2, 2020 [Doc. 18]. *See* 18 U.S.C. § 3161(h)(1)(D). Responses to this motion

are due on July 21, 2021. The parties agreed to an evidentiary hearing on the suppression motion on August 5, 2021, at 10:00 a.m. After this hearing, the Court will need time to prepare a report and recommendation, the parties will need time to file and respond to any objections, and the district judge will need time to rule on the motion in light of the report and filings. *See* 18 U.S.C. § 3161(h)(1)(H). The Court finds it is not possible to complete the litigation of Defendant's motion in the three weeks remaining before the July 27 trial date. Moreover, once the parties receive a ruling on the motion, they will need time to prepare the case for trial. Thus, without a continuance, counsel would not have the time necessary to litigate the Defendant's suppression motion and to prepare for trial, even taking into account counsel's due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons discussed herein, Defendant's Motion to Continue Trial [**Doc. 19**] is **GRANTED**, and the trial of this matter is reset to **January 18, 2022**. The Court finds that all the time between the filing of the motion to continue on July 6, 2021, and the new trial date of January 18, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). Accordingly, the Court **ORDERS** as follows:

(1) Defendant Taylor's Motion to Continue Trial [**Doc. 19**] is **GRANTED**;

(2) The trial of this case is reset to commence on **January 18, 2022**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion to continue on **July 6, 2021**, and the new trial date of **January 18, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing a plea agreement in the record and for providing reciprocal discovery is extended to **December 17, 2021**;

(5) Motions *in limine* must be filed no later than **January 3, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 4, 2022, at 11:00 a.m.**; and

(7) Requests for special jury instructions shall be filed on or before **January 7, 2022**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge