UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMAINE LEMONS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos.: 3:23-CV-238-TAV-DCP |
| | ) 3:21-CR-042-TAV-DCP-1 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Jamaine Lemons has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Case No. 3:23-cv-238, Doc. 1; Case No. 3:21-cr-42 ("Crim. Case"), Doc. 55].[1] The government has responded in opposition [Doc. 3]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 1; Crim. Case, Doc. 55] will be **DENIED**.

### I. Background

Petitioner was indicted on a charge of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e) [Crim. Case, Doc. 1]. On March 14, 2022, petitioner pleaded guilty to the charged offense [Crim. Case, Doc. 36].

---

[1] All docket citations refer to the instant civil case number unless otherwise specified.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

The presentence investigation report ("PSR") calculated petitioner's criminal history score at nine [PSR ¶ 54]. An additional two points were added because defendant committed the instant offense while under another sentence in Putnam County, Tennessee Criminal Court [*Id.* ¶ 55]. Therefore, a total of eleven criminal history points resulted in a criminal history category of V [*Id.* ¶ 56]. Based upon a total offense level of 21 and a criminal history category of V, the PSR calculated petitioner's guideline range as 70 to 87 months' imprisonment [*Id.* ¶ 82]. At the time of sentencing, the probation officer reported three pending charges in Jefferson County, Tennessee, General Sessions Court; DeKalb County, Tennessee, General Sessions Court; and Putnam County, Tennessee, Criminal Court, respectively [*Id.* ¶¶ 58–60]. Petitioner and the government filed notices of no objections to the PSR [Docs. 41, 43].

The Court ultimately sentenced petitioner on July 13, 2022, to 70 months' imprisonment to be followed by three years of supervised release [Crim. Case, Doc. 47]. The Judgment specified that this sentence would run "concurrent with any sentence imposed in Dekalb County, Tennessee, General Sessions Court, Docket Number 1196; Jefferson County, Tennessee, General Sessions Court, Docket Number 256022; and Putnam County, Tennessee, Criminal Court, Docket Number 2021CR179" [*Id*. at 2]. On June 21, 2023, petitioner filed the instant § 2255 motion [Crim. Case, Doc. 55].

II. **Legal Standard**

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not

2

Case 3:21-cr-00042-TAV-DCP   Document 56   Filed 02/05/25   Page 2 of 6   PageID #: 319

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

**III.     Analysis**

Petitioner moves to amend the Judgment so that his sentence runs concurrently with an additional state sentence that was not listed as pending in the PSR [Doc. 1, p. 2]. Specifically, counsel for petitioner submits that after petitioner was sentenced on July 13, 2022, he learned that Putnam County had issued a new warrant on or about June 2, 2021, for a probation violation based on petitioner's instant federal indictment [*Id*.]. Because this docket number—2019CR344—is not listed among those designated as concurrent in his federal judgment, he must serve an eight-year sentence in state custody before his federal time begins [*Id*.]. Petitioner submits that the Court intended to run all known cases concurrently with his federal sentence; therefore, he argues that due process requires that he be sentenced based on "substantially accurate information" [*Id*. at 2–3].

3

The government opposes petitioner's motion on grounds that it does not fall within the scope of relief available under section 2255 [Doc. 3, p. 2]. Unlike a direct appeal, the government contends, petitioner must demonstrate an egregious error that would result in a complete miscarriage of justice [*Id*. at 3]. Additionally, it argues that his claim is procedurally defaulted because he did not raise it on direct appeal [*Id*.]. And, contrary to petitioner's claim about "inaccurate" information, the record did not contain mention of the "existence or nonexistence of the probation violation warrant" [*Id*.]. Because the Sentencing Guidelines recommend a default of consecutive sentencing, the government argues that this Court lacks the authority to retroactively amend the judgment to include this additional docket number [*Id*. at 4].

As a general matter, the United States Supreme Court has repeatedly affirmed "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (first citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982); and then *Bousley v. United States*, 523 U.S. 614, 621-622 (1998)). In the specific context of collateral challenges to a defendant's presentence report, this Court has previously held that, "a defendant who fails to object at the time of sentencing to alleged inaccuracies in the presentence report waives the right to challenge the presentence report in a collateral proceeding." *Smith v. United States*, No. 3:04-CR-130, 2008 WL 2388122, at *4 (E.D. Tenn. June 9, 2008) (citing *United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995), *abrogated on other grounds by United States v. Swanberg*, 370 F.3d 622, 627 (6th Cir.

4

2004)) (denying § 2255 motion that alleged, *inter alia*, an error in petitioner's presentence report).

Here, the Court cannot address the merits of petitioner's motion because he did not object to the presentence report, file a direct appeal, or demonstrate "cause and prejudice," *Massaro*, 538 U.S. at 504, sufficient to overcome the general rule of procedural-default. This rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id*. The alleged error cited by petitioner stems from a warrant that issued on June 2, 2021 [Doc. 1-1, p. 10], approximately one year before the probation officer filed a presentence report in this case and the Court held petitioner's sentencing hearing [Docs. 40, 47]. Having declined to directly appeal the Court's judgment, petitioner's instant motion is a procedurally inappropriate vehicle for such a challenge. Accordingly, his claim is **DENIED**.

### IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1; Crim. Case, Doc. 55] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of

5

a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE